IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

00 DEC -7  AM 8: 55

SALLY KAY DUDLEY,

      Plaintiff,

v.                                              No. CIV 00-0489 JC/LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 9), filed October 10, 2000. The Commissioner of Social Security issued a final decision denying Plaintiff's application for disability insurance benefits. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the Motion is well-taken in part and recommends that this case be **REMANDED PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405.**

### PROPOSED FINDINGS

1.      Plaintiff, now forty-nine years old, filed the operative application for disability insurance benefits and August 4, 1997, alleging disability commencing April 7, 1997 due to back pain, carpel tunnel syndrome, bursitis, dislocated vertebrae and sciatic nerve damage.[1] (R. at 38; 43; 20;

---

[1] Plaintiff filed an application for disability insurance benefits on October 8, 1996, alleging disability commencing June 2, 1996, due to back pain, carpel tunnel syndrome, and bursitis, which was denied on January 9, 1997. (R. at 17; 20-24.) Plaintiff did not file a request for reconsideration



24.)  She has an eleventh grade education.  (R. at 242.)  Her past relevant work was as a fast food restaurant manager and supermarket checker.  (R. at 61; 242-43.)

      2.      Plaintiff's application for disability insurance benefits was denied at the initial level, and on reconsideration.  (R. at 18; 28-32.)  Plaintiff appealed the denial of her application by filing a Request for Hearing by Administrative Law Judge (ALJ) on April 8, 1998.  (R. at 33-34.)  The ALJ held a hearing on November 17, 1998, at which Plaintiff appeared *pro se* and testified in support of her claim.  (R. at 239.)

      3.      The ALJ issued his decision on January 20, 1999.  (R. at 12-14.)  The ALJ determined that Plaintiff met the disability insured status requirements at least through the date of the decision.  (R. at 12.)  The ALJ analyzed Plaintiff's claim according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  At the first step of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (R. at 12.)  At the second step, the ALJ determined that Plaintiff had a severe impairment of degenerative lumbar disc disease, low back pain, carpal tunnel syndrome, and bilateral wrist and hand pain.  (*Id.*)  At the third step of the sequential analysis, the ALJ found that the severity of Plaintiff's impairments, or combination of impairments, had not met or equaled any of the impairments found in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. §§ 404.1501-.1599.  (R. at 12.)  The ALJ then found that Plaintiff had the residual functional capacity for at least the full range of light work.  (R. at 13.)  The ALJ determined that Plaintiff was unable to perform her past relevant work as a cashier or restaurant manager.  (R. at 14.)  At step five, relying on the Medical-Vocational Guidelines (the "Grids"), the ALJ concluded

---

with respect to the 1996 application.

that Plaintiff was not disabled within the meaning of the Social Security Act.

4.      Plaintiff filed a request for review of the ALJ's decision.  (R. at 8.)  On March 10,

2000, the Appeals Council denied the request for review.  (R. at 6-7.)  Hence, the decision of the ALJ

became the final decision of the Commissioner for judicial review purposes.  On April 6, 2000,

Plaintiff filed this action, seeking judicial review of the Commissioner's final decision pursuant to 42

U.S.C. §405(g).

**Standard of Review**

5.      The standard of review in this Social Security appeal is whether the Commissioner's

final decision is supported by substantial evidence and whether he applied correct legal standards.

*See Hamilton v. Secretary of Health and Human Services,* 961 F. 2d 1495, 1497-98 (10th Cir.

1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a

conclusion." *Andrade v. Secretary of Health and Human Svcs.,* 985 F. 2d 1045, 1047 (10th Cir.

1993) (quoting *Broadbent v. Harris*, 698 F. 2d 407, 414 (10th Cir. 1983) (citation omitted)).  A

decision of an ALJ is not supported by substantial evidence if the evidence supporting the decision

is overwhelmed by other evidence on the record.  *See Gossett v. Bowen*, 862 F. 2d 802, 805 (10th

Cir. 1988).

6.      In order to qualify for disability insurance benefits or supplemental security income,

a claimant must establish a severe physical or mental impairment expected to result in death or last

for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity. *See Thompson v. Sullivan*, 987 F. 2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C.

§ 423(d)(1)(A)).

7.      At the first four levels of the sequential evaluation process, the claimant must show

3

she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *See id.*

**Discussion**

8.    Plaintiff argues, *inter alia*, that the Court should remand this case pursuant to sentence six of the Social Security Act to allow for consideration of Dr. Fenzi's March 24, 2000 Fibromyalgia Residual Functional Capacity Questionnaire (assessment). Dr. Fenzi was Plaintiff's treating physician since at least 1995. (R. at 189.) In his March 24, 2000 assessment, Dr. Fenzi states that Plaintiff meets the criteria for fibromyalgia and that this condition restricts her ability to perform work activities. (Pl. Ex. A.) Plaintiff claims that the assessment constitutes new and material evidence and there was good cause for her failure to submit it. The Commissioner responds that Dr. Fenzi's assessment is not material to the issue of whether Plaintiff was disabled on January 20, 1999, the date of the ALJ's decision.

9.    Fibromyalgia is "characterized by achy pain, tenderness, and stiffness of muscles, areas of tendon insertions, and adjacent soft tissue structures." *See* THE MERCK MANUAL 481 (17th ed. 1999). While courts have found fibromyalgia to be a disabling condition, its symptoms are "entirely subjective, and there are no laboratory tests to identify its presence of severity." *Ward v. Apfel*, 65 F. Supp. 2d 1208, 1213 (D. Kan. 1999) (citing *Sarchet v. Chater*, 78 F. 3d 305, 306 (7th Cir. 1996)).

4

Negative test results, or the absence of an objective medical test to diagnose the condition, cannot

support a conclusion that claimant does not suffer from a potentially disabling condition because

fibromyalgia is diagnosed by ruling out other diseases through medical testing. *See Anderson v.*

*Apfel*, 100 F. Supp. 2d 1278, 1285 (D. Kan 2000) (citing *Lantow v. Chater*, 98 F. 3d 1349, 1996 WL

576012 at *1 (10th Cir. Oct. 8, 1996) (Table).

      10.    The Social Security Act permits two types of remands; sentence four remands and

sentence six remands. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). In a sentence four

remand, the Court rules on whether the Secretary properly considered the claimant's application for

benefits. *See id.* at 99-100. In a sentence six remand, the Court may remand without making a

determination as to the "correctness of the Secretary's decision." *See id.* at 100. Sentence six

provides, in pertinent part, as follows:

> The court may . . . at any time order additional evidence to be taken before the
> Commissioner of Social Security, but only upon a showing that there is new evidence
> which is material and that there is good cause for the failure to incorporate such
> evidence into the record in a prior proceeding . . . .

*See* 42 U.S.C. § 405(g).

      11.    Accordingly, a sentence six remand is appropriate when there is (1) new evidence, (2)

that is material, and (3) there was good cause for failure to present it in the prior proceeding. *See id.*

Evidence is new, if it is not duplicative or cumulative. *See Bradley v. Califano*, 573 F. 2d 28, 31

(10th Cir.1978); *Jones v. Callahan*, 122 F. 3d 1148, 1154 (8th Cir.1997). A claimant has good

cause for not submitting evidence if it did not exist or was not available until after the ALJ's hearing.

*See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *Burkett v. Callahan*, 978 F. Supp. 1428, 1431

(D. Kan.1997). Evidence is material if it would have changed the Commissioner's decision had it

5

been before him. *See Hargis v. Sullivan*, 945 F. 2d 1482, 1493 (10th Cir.1991)

12.    The Commissioner does not dispute that Dr. Fenzi's assessment is new and that Plaintiff had good cause for failing to submit it. Indeed, the assessment was not in existence at the time of the ALJ's decision. However, the Commissioner does contend that the assessment is not material because it does not relate to the relevant time period and is not supported by Dr. Fenzi's treatment notes.

13.    In order to satisfy the materiality requirement, the proffered evidence must relate to the time period for which the benefits were denied. *See Hargis*, 945 F. 2d at 1493. A review of the report and the record indicates that Dr. Fenzi's assessment is material to the question of whether Plaintiff was disabled during the operative period. Dr. Fenzi was Plaintiff's treating physician since at least August of 1995. (R. at 184-92.) During 1995, 1996, and 1997, Dr. Fenzi's treatment notes reflect that Plaintiff complained of severe pelvic, abdominal, back, neck, and chest pain. (R. at 184-89.) Dr. Fenzi's treatment notes document Plaintiff's continuing efforts to obtain pain relief, (R. at 185-87), and that he treated her for arthritic pain in her left hand, shoulders, hips and knees. (R. at 187.) The assessment relates to diagnoses and treatment during the relevant time-frame and is consistent with the treatment notes.

14.    Evidence qualifies as material if it highlights or corroborates complications or symptoms from her condition that were not fully appreciated in prior proceedings. *See Lawson v. Chater*, 83 F. 3d 432, 1996 WL 195124, at *2 (10th Cir. Apr. 23, 1996) (Table). Dr. Fenzi's assessment highlights and corroborates the prior evidence concerning Plaintiff's chronic pain complaints. This evidence is particularly pertinent in this case, because the ALJ discounted Plaintiff's complaints of disabling pain and applied the Grids to meet the Commissioner's burden at step five.

Dr. Fenzi's assessment is material within the meaning of § 405(g) because it relates to Plaintiff's condition during the relevant period and is supported by Dr. Fenzi's treatment notes. I find that Dr. Fenzi's assessment of March 24, 2000 is new and material evidence and that there was good cause for Plaintiff's failure to submit it earlier. Accordingly, I find that this case should be remanded pursuant to sentence six of 42 U.S.C. 405(g) for consideration of Dr. Fenzi's March 24, 2000 assessment.

## RECOMMENDED DISPOSITION

I recommend that this case be remanded pursuant to sentence six of 42 U.S.C. 405(g) for consideration of Dr. Fenzi's March 24, 2000 assessment. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

7