IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALLY KAY DUDLEY,

      **Plaintiff,**

v.                                                             **No. CIV 00-0489 JC/LCS**

**WILLIAM A. HALTER,**[1]
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees (Doc. 15), filed February 9, 2001. Defendant has filed a response in opposition to this Motion. The Court, having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that this Motion is not well-taken and recommends that it be **DENIED.**

### PROPOSED FINDINGS

1.    On December 7, 2000, I issued Proposed Findings and Recommended Disposition recommending that this case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of Dr. Fenzi's report. Neither party filed objections and, on January 8, 2001, United States District Judge John E. Conway adopted the Proposed Findings and Recommended Disposition and remanded the matter pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff now seeks attorney fees and costs accrued in connection with the remand of the case

---

[1] Effective January 20, 2001, William A. Halter was appointed to serve as Acting Commissioner of Social Security. Pursuant to FED. R. CIV. P. 25 (d), William A. Halter, Acting Commissioner of Social Security, is substituted for Kenneth S. Apfel, Commissioner of Social Security, as the defendant in this action.

pursuant to the Equal Access to Justice Act (EAJA).

2.     The EAJA provides that when a party prevails in a civil action against the United States challenging administrative actions, the "court shall award to a prevailing party" its fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A).

3.     In cases remanded to the Commissioner under 42 U.S.C. § 405(g), the filing requirements for EAJA attorney fee motions hinge on the characterization of the remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Under 42 U.S.C. § 405(g), there are only two possible types of remands--those under sentence four and those under sentence six. *See id.* Sentence four remands are executed in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. *See id.* at 99-100. Sentence six remands are performed on motion of the Commissioner, or in light of additional evidence, without making any substantive ruling as to the correctness of the Commissioner's decision, but only for good cause shown. *See id.* This case was remanded in light of additional evidence before the Court made any substantive rulings on the correctness of the Commissioner's decision. Under these circumstances, there is no question that the case was remanded pursuant to sentence six of §405(g).

4.     In sentence six cases, the time period for filing a motion for attorney fees under the EAJA does not begin to run "until after the post-remand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (*quoting Melkonyan*, 501 U.S. at 102). In this case, the post-remand proceedings are not yet complete. Therefore, Plaintiff's Motion should be denied as premature.

5.   Alternatively, prevailing party status is a threshold requirement to recovery under the EAJA, and to obtain that status, a plaintiff must have "'succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.'" *Schaefer*, 509 U.S. at 302 (*quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989)).  "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties...." *Garland*, 489 U.S. at 792-93.  The remand in this case did not change the legal relationship between the parties.  *See Jackson v. Chater*, 94 F. 3d 274, 277-78 (7th Cir.1996) (holding that plaintiff was not prevailing party where case remanded for ALJ to take additional evidence and remand order did not reverse Commissioner's position).  Thus, Plaintiff is not a prevailing party within the meaning of the EAJA.  Accordingly, Plaintiff is not entitled to attorney fees under the EAJA at this time.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Order Authorizing Attorney Fees be denied as premature and because Plaintiff is not at this time a prevailing party within the meaning of the EAJA.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

3